**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RODNEY T. MCKINNEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 1485 |
| ) | |
| **MICHAEL F. SHEAHAN, DR. GLENN** ) | |
| **TRAMMELL, and COOK COUNTY DEPARTMENT** ) | |
| **OF CORRECTIONS,** ) | |
| ) | |
| Defendants. ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Rodney T. McKinney has filed a *pro se* complaint against defendants Michael Sheahan, Dr. Glenn Trammel, and the Cook County Department of Corrections ("CCDC"). The defendants move to dismiss under FED. R. CIV. P. 12(b)(6). The motion is granted in part and denied in part.

I.

Plaintiff is currently in custody of the CCDC at 2600 S. California Street in Chicago. His complaint alleges that on or around August 18, 2006 he complained of dizziness and loss of balance and was examined by Dr. Trammel, a physician at the CCDC. Dr. Trammel diagnosed plaintiff with dehydration and told him to drink water. Later that day, plaintiff collapsed and was transported to a hospital for medical attention. He was diagnosed with having suffered a stroke as a result of a blood clot. While at the hospital, plaintiff contracted a fungus in his blood and had to be hospitalized for almost a month.

As a result of the stroke, plaintiff alleges he suffers from partial paralysis and must use a wheelchair for distances greater than 100 feet and a walker or cane for distances less than 100 feet. He must undergo several months of physical therapy in order to recover his ability to walk independently. Mr. McKinney also alleges that he has only been allowed to attend three physical therapy sessions and has filed multiple grievances which have gone unaddressed. Plaintiff claims to suffer from depression and other psychological problems as a result of his condition.

## II.

In assessing defendants' motion to dismiss under FED. R. CIV. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *McMillan v. Collection Prof'ls*, 455 F.3d 754, 758 (7th Cir. 2006). I must view the allegations in the light most favorable to plaintiff. *Id*. However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (May 21, 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). A *pro se* complaint must be liberally construed. *See Erickson v. Pardus*, -- U.S. --, 127 S. Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Defendant Sheahan

Defendant Sheahan moves to dismiss on the ground that the complaint lacks any allegations against him and he cannot be

personally liable for the acts of Dr. Trammel. "To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). "[S]ome causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Id.* (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). The defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The only allegations in the complaint that arguably involve Sheahan are those in which petitioner contends he has filed multiple grievances on this matter which have gone unaddressed by "the administration." (*See* compl. at § III, p. 3-4.) This does not provide a causal connection or affirmative link between Sheahan and the incident which led to plaintiff's stroke, because the complaints necessarily post-date the incident, but the same cannot be said to the extent that plaintiff is claiming he is currently being denied adequate medical care because he is restricted from attending his physical therapy sessions. (*See* compl. at § V, p.7.) Accordingly, the motion to dismiss defendant Sheahan is granted in part and denied in part to the extent plaintiff claims he is presently denied adequate medical treatment.

B. Defendant Dr. Trammell

Defendant Dr. Trammel moves to dismiss on the ground that plaintiff has not sufficiently pled Dr. Trammel was deliberately indifferent to plaintiff's serious medical needs. This motion is denied. Under liberal pleading standards for *pro se* litigants, plaintiff states a claim against Dr. Trammel and the complaint sufficiently puts Dr. Trammel on notice of plaintiff's claim. *See Erickson*, 127 S. Ct. at 2200.

C. CCDC

CCDC is not a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993) (citation omitted)*; Smith ex rel. Smith v. Certain Unknown Cook County Dep't of Corr. Officers*, No. 05 C 1264, 2006 WL 3798793, at *1 (N.D. Ill. Nov. 30, 2006) (Moran, J.); *McLaughlin v. Cook Count Dep't Of Corr.*, 993 F. Supp. 661, 664 (N.D. Ill. 1998) (noting that although CCDC is not suable, a plaintiff may still sue the county). Accordingly, the motion to dismiss CCDC is granted.

III.

For the foregoing reasons, the motion to dismiss is granted in part and denied in part.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 15, 2007